IN THE CIRCUIT COURT OF MADISON COUNTY
CANTON, MISSISSIPPI

**LINDA WALKER**                                                                                            **PLAINTIFF**

V.                                                                                 CAUSE NO.: <u>CI-2022-0017-JM</u>

**BELK, INC.;**
**BELK STORES OF MISSISSIPPI, LLC**
**AND JOHN AND JANE DOES 1-6**                                              **DEFENDANTS**

<u>**AMENDED COMPLAINT**</u>
**(A JURY TRIAL IS DEMANDED)**

Plaintiff, LINDA WALKER, comes before the Honorable Court in the above-styled case and files this, her Complaint. In support hereof she respectfully shows unto the Honorable Court, the following:

<u>**PARTIES**</u>

1. Plaintiff, LINDA WALKER, is a citizen and resident of Madison County, Mississippi residing and domiciled during the time of the acts and omissions at 725 Thomas Lane, Madison, MS 39110.

2. All Defendant persons or entities referred to above are collectively referred to as "Defendant" or "Defendants" unless a Defendant is otherwise specifically named in any claim, fact, or allegation. Defendant, Belk, Inc. may be served at 645 Lakeland East Dr., Ste. 10, Flowood, MS 39232 c/o National Registered Agents, Inc. or wherever else Defendant may be found or served. Defendant, Belk Stores of Mississippi, LLC may be served at 645 Lakeland East Dr., Ste. 10, Flowood, MS 39232 c/o National Registered Agents, Inc. or wherever else Defendant may be found or served. In addition to the above, John and Jane Does are the proper party names and corresponding locations for service to the extent they have not been properly named or provided above. Defendants and John and Jane Does shall also refer to corporate entities or individuals who would otherwise be legally responsible due to any agreement or

1
EXHIBIT "A"

operation of law, or reasonable interpretation of law to the extent Plaintiff later agrees they shall be joined. This action has been filed while reserving the right to assure proper party names and/or formal party names are added or amended.

3. This shall serve as Plaintiff's Motion to Substitute or amend the party names to assure the proper parties are before the Court consistent with the intent of Mississippi Rules of Civil Procedure (and defining law) to allow the same. All counts, claims, paragraphs and causes of action are alleged in addition to and in the alternative to each other. <u>This Complaint arises under Mississippi Law only and does not involve Federal Questions.</u>

4. All events, occurrences and facts forming the basis for this legal action shall be collectively referred to as "actionable conduct". The actionable conduct may be further described in discovery.

## JURISDICTION AND VENUE

5. Venue is proper under Mississippi Code Ann. § 11-11-3 (and all other relevant sections of law). Actionable conduct occurred in the above district, Defendants committed torts therein, and Defendants Belk, Inc. and Belk Stores of Mississippi, LLC is domiciled there. Further this Honorable Court has jurisdiction of this matter pursuant to Mississippi Code of 1972 § 9-7-81 and all amount in controversy requirements have been met as Plaintiff prays for relief at amounts to be determined at trial by jury in excess of the minimum jurisdictional amounts of this Court. This court therefore has personal and subject matter jurisdiction over the parties and the controversy.

6. All claims, sentences, statements, causes of action, paragraphs and theories of recovery are alleged in the alternative to each other, and also in addition to each other. All matters are set forth while reserving the chance to provide additional or explaining details.

## FACTS

7. On or about March 22, 2019, Plaintiff was at all times herein acting in a safe and prudent manner under the circumstances in so far as could reasonably be expected at all times while at Belk, Inc. at the Northpark Mall in Madison County.

8. Plaintiff went there to shop.

9. Plaintiff sat down on a chair positioned near a shoe display that contained glass shelves which were angled downward. There were multiple shoes and potentially other related items on the surfaces of the multi-layered display.

10. Plaintiff did not touch the display at all during her time there.

11. Suddenly and without warning, the display collapsed upon Plaintiff therefore injuring her as more fully stated by medical records and opinions to be disclosed in this matter as discovery is ongoing.

12. Upon reasonable information and belief, Defendants were required to use reasonable care to construct, assemble, set up, monitor, and maintain the display.

13. In the alternative and/or in addition, Defendants were required to take reasonable steps to assure that the display was safe, and such other steps to assure that it did not risk and cause injury such as the kind which occurred.

14. Defendants did not reasonably adhere to its obligations stated above and which may be stated below.  <u>Regardless of the allegations above and below that Defendants had certain specific duties to Plaintiff which Defendants breached, Plaintiff reserves the right to rely upon the doctrine of Res Ipsa Loquitur as plead below in addition to other allegations of breaches, in the alternative to them, or exclusively.</u>

15. Plaintiff had no knowledge or warning of any dangerous condition which could have been seen or otherwise assessed in any way in the exercise of reasonable care which she in fact exercised such that the condition was also <u>not</u> open and obvious.

16. As a direct and proximate result of the above, Plaintiff suffered and will suffer injuries as a direct and proximate result of the above actionable conduct.

## COUNT I:
## NEGLIGENCE AND GROSS NEGLIGENCE-BASED CLAIMS

17. The allegations contained in Paragraphs above and below are incorporated herein by reference as though expressly set forth. All duties referred to below (which are each separately alleged to have been breached) are alleged to apply to Defendants in the alternative and in addition to each other.

18. Defendants owed a duty of reasonable care to assure it reasonably warned Plaintiff of conditions that were non-obvious or hidden such as the dangerous condition wherein Plaintiff walked and was injured.

19. In the alternative and in addition, Defendants owed duties of reasonable care so as to assure proper installation, set up, construction, monitoring, inspection of, and/or maintenance of the display.

20. In the alternative and in addition, Defendants owed duties of reasonable care so as to assure it monitored and/or discovered and/or was aware of and/or knew what it should have known with regard to the display and any conditions of it.

21. In the alternative and in addition, Defendants owed duties of reasonable care to take appropriate measures so as to assure that the display did not risk or cause injuries such as the kind which actually occurred.

22. In the alternative and in addition, Defendants had duties to assure they promptly and reasonably took steps to eradicate dangerous condition(s).

4

23. In the alternative and in addition, Defendants had duties to reasonably discover and not take steps to create or allow the creation of dangerous condition(s).

24. In the alternative and in addition, Defendants owed duties to assure they took appropriate action not to allow the condition to develop or remain when considering the nature of the condition(s).

25. In the alternative and in addition, given the condition was both hidden and dangerous, Defendants owed duties in law commensurate to those owed related to any hidden, dangerous condition on the premises.

26. In the alternative and in addition, Defendants owed duties of reasonable care to assure a reasonably safe premise generally, regardless.

27. Defendants owed all other duties set forth by law which are incorporated here and as may be implicit by the facts and allegations.

28. Plaintiff reserves the right to claim that Defendants violated statutes or standards of the industry associated with the erection and use of a door as well as any statute, ordinance, rule, law, or governing authority in place in whole or in part to guard against or prevent losses such as the kind which occurred. Plaintiff therefore reserves and intends to bring any applicable claims of *negligence per se* therefore alleging Defendant is *negligent per se*.

29. Plaintiff claims Defendants violated standards of the industry set forth to assure safe conditions depending on expert opinion regardless of whether Defendant was *negligent per se*. These standards outline duties owed by Defendants. Plaintiff necessarily reserves the right to rely on specialized opinion so as to determine, convey and outline the standards which Defendants did not adhere to.

30. Defendants did not take steps referred to above and Defendants' breached all duties referred to in the Complaint or otherwise owed in the exercise of reasonable care to Plaintiff. Plaintiff generally incorporates all duties owed in the exercise of reasonable care to Plaintiff.

31. If not for Defendants' breaches, Plaintiff would not have suffered injuries alleged herein and/or their extent and nature would not have been suffered to the extent it was.

32. All injuries alleged and or referred to in this Complaint were incurred as a direct and proximate result of Defendants' breaching duties owed to Plaintiff.

33. In the alternative and in addition, Defendant's failures to act according to reasonable ordinary care and breaches of duty were negligent, grossly negligent and/or willful and/or wanton and/or reckless under the circumstances. Defendants disregarded significant, substantial risks it knew of or should have known when considering all factors referred to above. Defendants knew of or should have known about the conditions referred to such that the nature of Defendants' conduct render it legally responsible for any punitive damages which may be awarded under all facts and circumstances as seen by the Court for wanton and/or willful and/or reckless conduct.

34. Plaintiff has suffered losses referred to below as a direct and proximate result of the above breaches.

## COUNT II:
## NEGLIGENT AND GROSSLY NEGLIGENT
## INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

35. The allegations contained in Paragraphs above and below are incorporated herein by reference as though expressly set forth. All duties referred to below (which are each separately alleged to have been breached) are alleged to apply to Defendants in the alternative and in addition to each other.

36.     Among other duties Defendants failed to refrain from actionable conduct, which was likely to directly, reasonably, foreseeably cause an actionable level of emotional distress to Plaintiff whether a corresponding effect from his physical injuries or otherwise.

37.     It was reasonable under the circumstances that the actionable conduct would result in significant, severe emotional distress, (or in the alternative, emotional distress which is legally actionable) and/or separate mental anguish to Plaintiff of which Plaintiff suffered manifestations of sufficient for her recovery under law under this claim separately, when considering the direct and foreseeable result of Defendants' conduct, the physical injuries, and all other factors regarding the injuries.  Plaintiff did in fact suffer significant and severe emotional distress as a direct and proximate result of Defendants' actionable conduct and physical injuries.

38.     Defendants failed to take reasonable steps to avoid actions which might directly and proximately result in actionable emotional distress which would not have occurred but for Defendants' acts and omissions.  Defendants' breaches directly and proximately resulted in all losses and damages referred to below.

## COUNT III:
## NEGLIGENCE AND GROSS NEGLIGENCE
## CLAIMS ACCORDING TO THE DOCTRINE OF *RES IPSA LOQUITUR*

39.     The allegations contained in Paragraphs above and below are incorporated herein by reference as though expressly set forth.  All duties referred to below (which are each separately alleged to have been breached) are alleged to apply to Defendants in the alternative and in addition to each other.

40.     Plaintiff incorporates all descriptions of the actionable conduct contained in any part of this Complaint as describing the nature and extent of Defendants' actions supporting that they were negligent and/or grossly negligent, or otherwise of the kind and character to support an award of punitive damages in addition to any and all other available damages.

41. The instrumentality causing the damage was under the exclusive control of Defendants. Defendants assumed full responsibility for installation, maintenance, monitoring, setting up, and for knowing about the display such that it was under the exclusive control of Defendants. In the alternative, and in addition, regardless of the allegations in the prior sentence, the display was under the control of Defendants so as Res Ipsa Loquitur should apply.

42. The occurrence of the injury and incident was of the kind in character such that it would not happen if Defendants used proper care.

43. The occurrence was not due to any voluntary act on the part of Plaintiff.

44. Defendants are liable under the *res ispa loquitur* creating a presumption of negligence and issues for a jury on liability and damages.

## DAMAGES AND PRAYER FOR RELIEF

45. All actionable conduct referred to above in all Counts proximately resulted in harm and damages as defined herein which provisions addressing harm and damages are incorporated herein. Plaintiff reserves the right to claim an amount certain to the jury or in the alternative to defer to a jury determination as to any element of damages. As a direct and proximate result of said negligence, gross negligence, recklessness, and breaches of legal duties by Defendants, Plaintiff has suffered the following damages:

(a) Past, present, and reasonably expected future, pain and suffering;

(b) Past, present, and reasonably expected future, mental anguish;

(c) Physical injuries and/or injurious changes of several kinds (Plaintiff reserves the right to argue that her injuries were temporary and/or permanent when considering medical opinions to the extent Plaintiff agrees they are accurate);

(d) Temporary and/or permanent psychological injury due to the incident and its reasonably foreseeable effects.

(e) Past lost wages, present lost wages/earnings, and reasonably expected future, lost wages/earnings and such other sums as she may legally recover to be determined in discovery.

(f) Past, present, and reasonably expected future, loss of wage-earning capacity.

(g) Costs directly and proximately related to the breaches of duties including but not limited to, travel, and other related costs in the past, present, and reasonably expected in the future.

(h) Costs related to medical (or healthcare) treatment and care for Plaintiff's injuries of many kinds including but not limited to medicine, doctor visits, follow up care, travel and other kinds in the past, present, and reasonably expected to occur in the future (to the extent Plaintiff determines such future treatment is warranted).

(i) Costs related to medical (or healthcare) treatment or costs related to care for physical and/or mental injury for the categories outlined in item (h) above which Plaintiff has not yet obtained, but which may be, or may have been recommended.

(j) Plaintiff reserves the right to argue she should be entitled to regular monitoring or follow up care to assure Plaintiff does not suffer further related symptoms or injury as a result of the incident.

(k) Other physical and mental injuries past, present, and reasonably expected in the future (to the extent they may be).

(l) Other damages, economic and non-economic, occurring to Plaintiff as a direct and proximate result of the incident as described above which may be allowed and permitted by law whether or not specifically described.

**(m) Plaintiff seeks all other damages whether compensatory, punitive, or otherwise which she may legally recover.**

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays to the Honorable Court for the following:

(a) That Plaintiff has a judgment against the Defendants individually, separately and together for all losses incurred as a proximate and legal result of Defendants' tortuous conduct and other breaches of duty, and compensatory damages (as well as all other damages recoverable) including but not limited to compensation for those damages referred to above, including but not limited to compensation for medical treatment (past, present and future), all non-economic damages recoverable, prejudgment interest from the date of judicial demand, post-judgment interest, attorney's fees, and costs reasonably and necessarily incurred, in a total amount to be determined at trial by jury which total amount is reasonably believed to exceed the minimum jurisdictional limits of this Court; Plaintiff additionally prays for any sums she may legally recover whether or not specifically stated; <u>Plaintiff additionally prays for whatever other sums she may legally recover in punitive damages for gross negligence, willful, wanton, or reckless conduct of Defendants</u>.

(b) That the Plaintiff has judgment against the Defendants for damages in an amount to make the Plaintiff whole insofar as a pecuniary amount can accomplish that purpose, in an amount to be determined at trial by jury (or in an amount requested to the jury) which amount is reasonably believed to exceed the minimum jurisdictional limits of this Court; and

(c) That the entire costs, expenses, and/or attorney's fees of this action be taxed against Defendants; and

(d) That the Plaintiff has such other and further relief as the Court deems just and proper; and

(e)     That all matters prayed for and all claims are tried by jury.

RESPECTFULLY SUBMITTED THIS THE __4__ day of __April__, 2022.

> BY THE PLAINTIFF,
> LINDA WALKER
> THROUGH COUNSEL,
> MICHAEL R. BROWN, ESQ.
>
> _____
> MICHAEL R. BROWN, ESQ.

Michael R. Brown, Esq., (MSBN: 99126)
THE MICHAEL R. BROWN LAW OFFICES, PLLC
120 North Congress Street, Suite 710
Jackson, MS 39201
Tel: (601) 948-5330
Fax: (601) 948-5415
Email: mbrown@mikelawms.com

11